IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| KWAI ARDOIN, #693306 | § |
| | § |
| V. | §    CIVIL ACTION NO. G-05-429 |
| | § |
| DOUG DRETKE, DIRECTOR, | § |
| TEXAS DEPARTMENT OF CRIMINAL | § |
| JUSTICE, INSTITUTIONAL DIVISION. | § |

**REPORT AND RECOMMENDATION**

Before the Court is the application of Kwai Ardoin for the issuance of a writ of habeas corpus. Ardoin challenges disciplinary case number **20050276133**, in which he was punished with a loss of forty-five days recreation and commissary privileges and a loss of time-earning class status from S-3 to S-4. Petitioner alleges that his due process rights were violated during the course of the above-stated disciplinary proceeding.

State prisoners seeking federal court review of a conviction pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir. 1994); *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). In the context of disciplinary proceedings, habeas corpus procedures are appropriate when the allegations concern punishment which may ultimately affect the length of an inmate's confinement. *See Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept*., 37 F.3d 166, 168 (5th Cir. 1994); *Serio v. Members of the La. State Bd. Of Pardons*, 821 F.2d 1112 (5th Cir. 1987).

In the first instance, Petitioner lost no good time, only a loss of time-earning class status and a brief loss of privileges. A brief and temporary loss of privileges does not pose an atypical or significant hardship beyond the ordinary incidents of prison life. It merely constitutes a minimal and temporary change in conditions of confinement and does not, therefore, trigger the protections afforded by the Due

Process Clause. *See Madison v. Parker,* 104 F.3d 765, 767-68 (5th Cir. 1997). A claim for loss or reduction of time-earning class status or inability to attain an increased status also fails to qualify for federal habeas relief. The possible loss of "the mere opportunity to earn good time credits" does not constitute a constitutionally cognizable liberty interest sufficient to "trigger the protection of the Due Process Clause." *Luken v. Scott*, 71 F.3d 192, 193 (1995), *cert. denied*, 517 U.S. 1196 (1996). The possibility that the reduction in Petitioner's time-earning class status would affect his ultimate release date from prison "is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472 (1995)). "These are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest." *Madison*, 104 F.3d at 767-68. For this reason, Petitioner's claims are not eligible for federal habeas relief and must be dismissed.

     The Court would also note that even if Petitioner had lost actual good-time credit as a result of his disciplinary punishment, he still would not be eligible for protections afforded by the Due Process Clause, due to the nature of his underlying conviction. Petitioner states in his petition that he was convicted of murder in 1992 and is not eligible for mandatory release. As such, even if Petitioner had lost good-time credit, the loss of such would not affect the duration of his sentence and would not, therefore, trigger due process protections. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Madison v. Parker,* 104 F.3d 765, 767 (5th Cir. 1997). To the extent Petitioner's claims could be interpreted to assert that the challenged disciplinary proceeding adversely affected his eligibility for parole, he still has not stated a claim that invokes due process. While procedures relative to parole may affect an inmate's duration of confinement, it is well settled that the Texas parole statutes do not confer a liberty interest. "It follows that because [a petitioner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana*

*v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). Therefore, to whatever extent the challenged disciplinary proceeding may have affected Petitioner's eligibility for parole, his due process rights have not been violated.

Accordingly, for the aforementioned reasons, it is the **RECOMMENDATION** of this Court that this cause be DISMISSED with prejudice for failure to state a claim upon which federal habeas relief is available.

The Clerk shall send copies of this Report and Recommendation to the Petitioner by the means in place for transmission of same. The Petitioner shall have until **November 7, 2005,** in which to have written objections physically on file in the Office of the Clerk. <u>The objections shall be mailed to the Clerk's Office in Galveston, Texas 7753 at P.O. Drawer 2300</u>. Any objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ___21st___ day of October, 2005.

John R. Froeschner
United States Magistrate Judge